**Baldev SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72523.**

United States Court of Appeals, Ninth Circuit.

---

Submitted July 12, 2004.*

Decided July 15, 2004.

Baldev Singh, Bakersfield, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

Terri J. Scadron, Esq., Genevieve Holm, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

## MEMORANDUM **

Baldev Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because Singh's testimony was both internally inconsistent and inconsistent with his application. For example, Singh did not describe a police detention in his application between 1984 and 1990, but testified he was questioned and detained by police between fifty to sixty times during that period. Singh also testified that he was questioned and detained after 1990, and later testified that he was on the run after 1990 and was not detained. Because these inconsistencies, including an additional inconsistency regarding his first arrest, go to the heart of his asylum claim, substantial evidence sup-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ports the denial of asylum. *See id.* at 1043.

Accordingly, it follows that Singh did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

In addition, substantial evidence supports the IJ's denial of relief under CAT. *See id* at 1157.

**PETITION FOR REVIEW DENIED.**

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.